**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 12 2013, 5:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KELLY A. MIKLOS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THELMA LINDSEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  02A03-1211-CR-486 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN CIRCUIT COURT
The Honorable Thomas J. Felts, Judge
The Honorable John D. Kitch, Hearing Officer
Cause No. 02C01-1101-FD-97

**September 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Thelma Lindsey ("Lindsey") challenges her two-year sentence for Operating While Intoxicated, as a Class D felony. She presents the sole issue of whether her sentence is inappropriate. We affirm.

**Facts and Procedural History**

During the early morning hours of January 18, 2011, a car driven by Lindsey crashed into a car driven by Timothy Fletcher. Shortly after the crash, Lindsey fled on foot with the other occupant of her vehicle, Kevin Rentschler ("Rentschler"). Lindsey had been drinking with Rentschler; when apprehended, she had a staggering gait, was unsteady on her feet, had a heavy odor of alcohol on her breath, and had red, watery, bloodshot eyes.

A jury found Lindsey guilty of Count I, Operating While Intoxicated, with a Prior Conviction of Operating While Intoxicated, as a Class D felony;[1] Count II, Failure to Stop After Accident Resulting in Injury, as a Class A misdemeanor;[2] and Count III, False Informing, as a Class B misdemeanor.[3] The trial court sentenced Lindsey to two years imprisonment for Count I, one year imprisonment for Count II, to be run consecutively to Count I, and 180 days imprisonment for Count III, to be run concurrently with the other terms. The court suspended to probation Lindsey's sentence for Count II. This yields an aggregate sentence of two years executed and one year suspended to probation; the court

---

[1] Ind. Code §§ 9-30-5-2, 9-30-5-3(a)(1).

[2] I.C. §§ 9-26-1-1(1) (2011), 9-26-1-8(a). Section 9-26-1-1(1) was modified, effective July 1, 2012; we refer to the version in force at the time of the crime.

[3] I.C. § 35-44-2-2(d)(1) (2011). The relevant code section was recodified, effective July 1, 2012; we refer to the section in force at the time of the crime.

2

allowed her to serve her executed two-year term through in-home detention.

Lindsey now appeals.

**Discussion and Decision**

A person who commits a Class D felony has a sentencing range of between six months and three years with the advisory sentence being one and one-half years. I.C. § 35-50-2-7. Lindsey received a two-year sentence for Count I.

In imposing this sentence, the trial court made the following statement:

> Note previous eight misdemeanors and no felony convictions. Note the victim's statement. Note that you were on probation when this offense was committed. Note that the aggravators outweigh the mitigators.

(Sentencing Tr. at 8.)

Lindsey claims that her sentence for Count I is inappropriate and asks that we revise the executed portion of her sentence to a term of 1½ years, all suspended to probation. Lindsey received an enhancement of one-half year, and thus essentially requests a revision of her two-year executed sentence to the advisory term of 1½ years; she further requests that her sentence be suspended to probation.

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise

sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. Cardwell v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. Cardwell, 895 N.E.2d at 1225.

Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

Affirmed.

MAY, J., and BRADFORD, J., concur.